UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

STEVEN E. MACKEY, JR.,

  Petitioner,

  v.  No. 2:25 CV 267

SHERIFF,

  Respondent.

## OPINION and ORDER

Steven E. Mackey, Jr., a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for theft under Case No. 71D01-2201-F6-42. Following a guilty plea, on April 25, 2023, the St. Joseph Superior Court sentenced him to two and a half years of incarceration with eighteen months suspended to probation. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Though presented in various formulations, the throughline of Mackey's claims is his assertion that the trial court did not properly credit him with time served at sentencing. The court has reviewed the electronic docket for the State court[1] and observes that while Mackey pursued a direct appeal of his sentence in Case No. 24A-

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

CR-640, the Indiana Court of Appeals ultimately affirmed the trial court's denial of authorization to pursue a belated direct appeal.

On this basis, it appears that the habeas petition is untimely. The statute of limitations for habeas petitions states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Based on a review of the petition, the date on which the judgment became final is the applicable starting point for calculating timeliness. Mackey was sentenced on April 25, 2023, and his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when

2

the time to appeal expired on May 25, 2023. *See* Ind. R. App. 9(A)(1) (notice of appeal must be filed within thirty days). The federal limitations period expired one year later, on May 25, 2024. Mackey did not file the petition in this habeas case until June 4, 2025. (DE # 1 at 16.) Because Mackey filed the habeas petition more than one year too late, the court is inclined to find that the claims are untimely.

The apparently untimely nature of the direct appeal also suggests that Mackey's claims are procedurally defaulted. Before considering the merits of a habeas corpus petition, the court must ensure that the petitioner has presented his claims "through one complete round of State-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.*

The Indiana Court of Appeals expressly declined to consider his sentence-related arguments due to the unexcused untimeliness of the direct appeal. As a result, while Mackey may have asserted his claims at each level of the State courts, he did not do so properly, in a timely manner. Therefore, the court is inclined to find that the claims are procedurally defaulted. Nevertheless, in an abundance of caution, the court will allow Mackey an opportunity to address the issues of untimeliness and procedural default before it decides whether to dismiss the petition pursuant to Section 2254 Habeas Corpus Rule 4.

For these reasons, the court:

(1) **ORDERS** Steven E. Mackey, Jr., to file a response to this Order on whether the petition is untimely and procedurally defaulted by **July 21, 2025**;

(2) **CAUTIONS** Steven E. Mackey, Jr., that, if he does not respond by that deadline, this case will be dismissed without further notice; and

(3) **GRANTS** the motion for leave to proceed *in forma pauperis* (DE # 2).

                              **SO ORDERED.**

Date: June 24, 2025

                              s/James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT