UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

**STEVEN E. MACKEY JR.,**

Petitioner,

v.                                                           No. 2:25 CV 267

**SHERIFF,**

Respondent.

### OPINION and ORDER

Steven E. Mackey Jr., a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for theft under Case No. 71D01-2201-F6-42. Following a guilty plea, on April 25, 2023, the St. Joseph Superior Court sentenced him to two and a half years of incarceration with eighteen months suspended to probation. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Though presented in various formulations, the throughline of Mackey's claims is his assertion that the trial court did not properly credit him with time served at sentencing. The court has reviewed the electronic docket for the State courts[1] and observes that while Mackey pursued a direct appeal of his sentence in Case No. 24A-CR-640, the Indiana

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

Court of Appeals ultimately affirmed the trial court's denial of authorization to pursue a belated direct appeal.

In light of the Indiana court's ruling, this court ordered Mackey to explain why the petition should not be dismissed as untimely and procedurally defaulted. (DE # 3.) In his response, Mackey primarily asserts his pro se status and misunderstanding of procedural law on direct appeal. (DE # 4.) The court observes that Mackey has initiated State post-conviction proceedings in connection with his conviction in Case No. 71D01-2201-F6-42. The culmination of these proceedings may shed light on whether Mackey has asserted a valid excuse to untimeliness and procedural default. Further, in these proceedings the State courts might issue a ruling on the merits that renders this court's procedural concerns moot; they might also render the petition in its entirety moot by granting Mackey post-conviction relief. Therefore, the court will stay this case pending resolution of the State post-conviction proceedings.

For these reasons, the court:

(1) **STAYS** this case pending the resolution of State post-conviction proceedings;

(2) **ORDERS** Steven E. Mackey, Jr. to notify the court within thirty days of the conclusion of State post-conviction proceedings, including appeals; and

(3) **CAUTIONS** Steven E. Mackey, Jr., that, if he does not comply with this deadline, this case may be dismissed without further notice.

**SO ORDERED.**

Date: August 7, 2025

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT